**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel CASTELO–VALENCIA,
Defendant—Appellant.**

No. 06–50071.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2006.*

Filed Oct. 17, 2006.

Randy K. Jones, Esq., Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Leila W. Morgan, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: TASHIMA, W. FLETCHER and BERZON, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

We have reviewed the record and the opening brief and conclude that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The United States Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains binding on this court until the Court overrules it. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (rejecting claim that *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *Dretke v. Haley,* 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), require this court to apply *Almendarez–Torres* only to cases where the defendant admitted prior convictions); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that this court remains bound by the Supreme Court's holding in *Almendarez–Torres* that a district court judge may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

Accordingly, the government's motion for summary affirmance of the district court's judgment is granted.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.